```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

**FRANCES G. POST, individually and
on behalf of all others similarly
situation,**

    **Plaintiff,**

**v.**                                   Civ. Action No. 1:19-CV-73
                                              (Judge Kleeh)

**AMERISOURCEBERGEN CORPORATION,
a Delaware corporation, US
BIOSERVICES CORPORATION, a
Delaware corporation, Ig.G. OF
AMERICA, INC., a Maryland corporation,
and IHS ACQUISITION XXX, INC., a Delaware
Corporation,**

    **Defendants.**

           MEMORANDUM ORDER DENYING DEFENDANTS'
       MOTION TO STRIKE CLASS ALLEGATIONS [DKT. NO. 26]

Pending before the Court is the Motion to Strike Class Allegations [Dkt. No. 26] filed by Defendants. Plaintiff has filed a response [Dkt. No. 28] and Defendants replied [Dkt. No. 29]. The motion is ripe for decision.

### I.  Introduction and Background

Plaintiff filed a Complaint against Defendants AmerisourceBergen Corporation ("AmerisourceBergen"), US Bioservices Corporation ("US Bioservices"), I.g.G. of America, Inc. ("I.g.G."), and IHS Acquisition XXX, Inc. ("IHS") (collectively, "Defendants") on April 18, 2019 [Dkt. No. 1]. An

Amended Complaint was filed on May 8, 2019, and alleges seven claims: Count I, Negligence; Count II, Personal Injury; Count III, Civil Conspiracy; Count IV, Fraudulent Concealment; Count V, Unjust Enrichment/Disgorgement; Count VI, Breach of Confidentiality and Violation of Privacy; and Count VII, Punitive Damages [Dkt. No. 9].

Francis G. Post ("Post" or "Plaintiff") is a resident of Morgantown, West Virginia and alleges that she, and putative class members, were directed by Felix Brizuela, D.O. ("Brizuela") to purchase immunoglobulin ("IVIG") from Defendants [Id. at 2]. IVIG is an intravenously administered blood product prepared by pooling immunoglobulins from the plasma of thousands of human donors [Id. at 5]. Plaintiff alleges that Defendants targeted Felix Brizuela, D.O. through aggressive marketing to achieve increased sales of IVIG therapy and increased profits for Defendants[1] [Id. at 5-6].

---

[1] Felix Brizuela, D.O. is a Doctor of Osteopathic Medicine and a board-certified neurologist with a neurology practice in Morgantown, West Virginia. United States v. Felix Brizuela, Jr., No. 19-4656, --- F.3d ---, 2020 WL 3393440, at *3 (4th Cir. 2020). A federal grand jury indicted Brizuela on 21 counts of distributing controlled substances outside the bounds of professional medical practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of conspiracy to distribute controlled substances outside the bounds of professional medical practice, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i), (b)(1)(E)(iii); and 16 counts of illegal remuneration in violation of the federal anti-kickback statute, in violation of 42 U.S.C. §§ 1320a-7b(b)(1)(B) [N.D. W.Va. Criminal Action No: 1:18-cr-00001, Dkt. No. 1]. The anti-kickback charges related to a financial arrangement involving Brizuela, Southwest Laboratories, LLC ("Southwest"), and Medspan Laboratory, Inc. ("Medspan") [Id.]. In January 2019, Brizuela was tried and

Plaintiff asserts that Defendants made payments to Felix Brizuela, D.O. to induce him to misdiagnose patients and wrongfully disclose sensitive, private, and protected medical information of Plaintiff and other putative class members for the purpose of increasing new-book sales of IVIG, which increased Defendants' profits [Id. at 5].

Plaintiff contends Defendants greatly incentivized the aggressive sale of IVIG, especially to new purchasers, because Defendants knew: (1) once a person is prescribed IVIG, the person will likely take IVIG infusions for the remainder of his/her natural life; (2) IVIG is expensive for the purchaser and lucrative for Defendants; and (3) Defendants devised an internal practice which enabled them to secretly under report and under pay bonus commissions on IVIG sales to bolster corporate profits [Dkt. No. 9 at 6]. Plaintiff asserts that Defendants charged high rates for the IVIG product and increased the price for additional purchases [Id.]. Plaintiff alleges that Defendants made payments to

---

convicted of certain felony offenses related to his opiate prescribing practices. Brizuela, 2020 WL 339440, at *6. The Fourth Circuit reversed the conviction based on the trial court's admission of challenged testimony and remanded the case for a new trial. Brizuela, 2020 WL 3393440, at*25-26. On remand, Brizuela pled guilty to Count 2 of the Indictment, distribution of controlled substances outside the bounds of professional medical practice in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [N.D. W.Va. Criminal Action No: 1:18-cr-1-1, Dkt. No. 494]. Brizuela was sentenced on October 1, 2020, and the government dismissed the remaining charges in the Indictment [Id., Dkt. No. 495].

Brizuela from April 3, 2012 to March 19, 2015 that were unlawful, wrongful, violated Defendants' written policies, violated ethical standards, and placed the health, safety, and wellbeing of Plaintiff and putative class members at risk [Id. at 7]. Plaintiff claims that Brizuela performed no services for Defendants to earn the payments made to him other than increasing the number of new-book IVIG transactions [Id.]. According to Plaintiff, Brizuela became one of the highest volume IVIG prescribing practitioners in the United States as measured by data from the Centers for Medicare and Medicaid Services ("CMS") [Id.].

Plaintiff alleges that neither she, nor the putative class members, had CIPD, the medical condition diagnosed to trigger the sale of IVIG [Dkt. No. 9 at 7]. She claims Defendants knew Brizuela was making CIDP diagnoses to trigger the sale of IVIG at an incident rate exponentially higher than any rate published in peer review studies, higher than any other prescribers, and that Brizuela's documentation in the possession of Defendants did not support new-book IVIG transactions [Id.]. Plaintiff believes Defendants knew the health, safety, and wellbeing of Plaintiff and punitive class members were at risk based on Defendants' improper payments to obtain new-book IVIG transactions through Brizuela [Id. at 8].

According to the Amended Complaint, IVIG therapy is infused slowly and requires surgical PICC line placement and placement for

4

infusion or IV administration for each infusion [Dkt. No. 9 at 8]. The methods of infusion are associated with risk of infection, injury, disease, and death, and result in multiple potential side effects [Id.]. Plaintiff also claims that IVIG is associated with acute renal failure, thromboembolic events, aseptic meningitis, neutropenia, and skin reactions, among other risks [Id.].

Plaintiff's claims are brought individually and on behalf of the putative class members she seeks to represent [Dkt. No. 9 at 9]. As summarized, the proposed class is defined as follows:

> All persons who were prescribed immunoglobulin (IVIG) by Felix Brizuela, D.O. between April 3, 2012 and March 19, 2015 and were directed to Defendants AmerisourceBergen Corporation, US Bioservices Corporation, Ig.G. of America, Inc., and IHS Acquisition XXX, Inc. for purchase of IVIG.

[Id. at 9].

## II.  Legal Standard

Defendants bring the motion to strike pursuant to Federal Rules of Civil Procedure 23(a)(2), 23(b)(3), and 23(d)(1)(D) and argue that Plaintiff's class claims should be stricken because Plaintiff fails to plead a certifiable class [Dkt. No. 26-1]. Plaintiff responds that the motion to strike is premature and that the Court should defer consideration of Rule 23 until the parties conduct discovery [Dkt. No. 28].

Relevant authority identifies the standards used to evaluate motions to strike a complaint's class claims. See Williams v.

5

Potomac Family Dining Group Operating Company, LLC, Case No. GJH-19-1780, 2019 WL 5309628, at *4 (D. Md. Oct. 21, 2019). Rule 23(d)(1)(D) provides courts with the authority to mandate the amendments of the pleadings. Fed. R. Civ. P. 23(d)(1)(D). "Rule 23(d)(1)(D) can be used to remove class allegations from a complaint after the class certification issue has been properly presented and determined by a court." Johnson v. Flakeboard Am. Ltd., No. CA 4:11-2607-TLW-KDW, 2012 WL 2237004, at *5 (D.S.C. Mar. 26, 2012), report and recommendation adopted, No. CIV.A. 4:11-2607-TLW, 2012 WL 2260917 (D.S.C. June 15, 2012). The Supreme Court has instructed that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims." Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 160 (1982). This is reflected in Rule 23(d)(1)(D), which provides that in conducting an action under Rule 23, a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Several circuits have determined that Rule 23 permits defendants to file preemptive motions to deny certification before discovery is completed. Williams, 2019 WL 5309628, at *4 (citing Richardson v. Bledsoe, 829 F.3d 273, 288-89 (3d Cir. 2016); Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013); Pilgrim

6

v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011); Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 563 (7th Cir. 2011); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939-41 (9th Cir. 2009).  The Fourth Circuit made the same finding in an unpublished table decision.  See Strange v. Norfolk & W. Ry., No. 85-1929, 1987 WL 36160, at *3 (4 Cir. Jan. 12, 1987) (unpublished table decision).  See also Stanley v. Central Garden & pet Corp., 891 F. Supp. 2d 757, 769 (D. Md. 2012); Ross-Randolph v. Allstate Ins. Co., No. DKC 99-2244, 2001 WL 36042162, at *4 (D. Md. May 11, 2011).

Courts have also found that granting such a preemptive motion should occur before the completion of discovery only when it is apparent from the face of the complaint that "the requirements for maintaining a class action cannot be met." Landsman v. Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 n.30 (3d Cir. 2011); Mills v. Foremost Ins. Co., 511 F.3d 1300, 1309 (11th Cir. 2008); John v. Nat. Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007). The guidelines for making this assessment are drawn from the familiar standard of review for motions to dismiss under Rule 12(b)(6).  Williams, 2019 WL 5309628, at *5 (citing Blihovde v. St. Croix Cty., 219 F.R.D. 607, 613-14 (W.D. Wis. 2003)).  While plaintiff retains the ultimate burden of demonstrating that the requirements for certification are met in a class action, when a defendant files a pre-discovery challenge to class certification

"on the basis of the allegations in the complaint only," the standard of review "is the same as a motion to dismiss for failure to state a claim." Id. (quoting Blihovde, 219 F.R.D. at 614).

A motion to dismiss a complaint's class allegations should be granted when it is clear from the face of the complaint that the plaintiff cannot and could not meet Rule 23's requirements for certification because the plaintiff has "fail[ed] to properly allege facts sufficient to make out a class" or "could establish no facts to make out a class." Bessette v. Avco Fin. Servs., 279 B.R. 442, 450 (D.R.I. 2002). Applying this relatively low bar to proceed to discovery is consistent with the principle that "a ruling on class certification should normally be based on 'more information than the complaint itself affords.'" Williams, 2019 WL 5309628, at *5 (quoting Bryant v. Food Lion, Inc., 774 F.Supp. 1484 (D.S.C. 1991) (quoting Doctor v. Seaboard Coast Lines R.R. Co., 540 F.2d 699, 707 (4th Cir. 1976)).

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v.

8

Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

### III. Discussion

Plaintiff alleges a class action under Federal Rule of Civil Procedure Rule 23(b)(3) which states in relevant part that a class action may be maintained if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class

9

>action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
>(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Plaintiff claims that class treatment is appropriate because the proposed class includes a significant number of patients who are located in West Virginia, Pennsylvania, and potentially Ohio; there are common questions of law and fact among the members of the class that predominate over any individual questions; the Plaintiff's claims are typical of all putative class members; the Plaintiff will fairly and adequately protect the interests of putative class members; and a class action is appropriate to fairly and efficiently adjudicate the controversy [Dkt. No. 9 at 10-11].

Defendants note that Plaintiff's proposed class contains all individuals prescribed IVIG therapy by Felix Brizuela, D.O. during the period between April 3, 2012 and March 19, 2015 [Dkt. No. 26-1 at 2]. The Amended Complaint identifies sixty-five (65) individuals in the proposed class [Dkt. No. 9 at 7], and alleges

10

that all of the putative class members "did not have CIPD, the medical condition diagnosed to trigger the sale of IVIG" [Id.]. Plaintiff also alleges that "class members would not have purchased IVIG from Defendants" had Defendants' payments to Brizuela been known at the time [Id. at 16]. In arguing that the allegations are inappropriate for class treatment, Defendants state there are too many individual determinations to be made among the proposed class in order to potentially establish liability on the claims alleged by Plaintiff [Dkt. NO. 26-1 at 2].

Plaintiff counters that the pre-discovery motion to strike is premature and disfavored because additional facts developed through discovery can change the certification analysis [Dkt. No. 28 at 5]. Plaintiff cites the Fourth Circuit's decision in Krakauer v. Dish Network, LLC, 925 F.3d 643, 654 (4th Cir. 2019) for the proposition that modifications to the class and class definitions are expected throughout class discovery and each stage of the proceedings before a district court. The court in Krakauer noted with approval that "[w]hen new evidence became available, the court modified the class appropriately." Id. at 652. "Since the requirements of Rule 23 are often 'enmeshed in the factual and legal issues comprising the plaintiffs' cause of action, the district court must rigorously examine the core issues of the case at the certification stage.'" Id. at 654 (citing Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351, 131 S.Ct. 2541, 180 L.Ed.2d 374

11

(2011) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The Court agrees with Plaintiff.

This Court has recognized that pre-discovery motions to strike class claims are consistently denied "because class allegations should not be addressed at the pleading stage, before plaintiff has had full opportunity to discovery and to revise the class definition as necessary." Alig v. Quicken Loans, Inc., Civ. A. 5:12-114, 2015 WL 13636655, at *2 (Oct. 15, 2015) (citing Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 59-60 (1st Cir. 2013) (vacating district court order striking class and collection action allegations from complaint, explaining that "`striking a pleading is a drastic remedy and … it is often sought by the movant simply as a dilatory or harassing tactic'"). See Doe v. City of Memphis, 928 F.3d 481, 497 (6th Cir. 2019) (reversing order striking class allegations where no "protoypical factual issue" prevented certification and court concluded discovery might support certification); Herrera v. JFK Medical Center Ltd. Partnership, 2016 WL 1637826, at *6 (11th Cir. 2016) (reversing decision to strike class allegations in action challenging alleged unreasonable fees for emergency radiological services, concluding that "district court should have allowed limited discovery instead of striking the class allegations based solely on the face of the complaint"); Smith v. Wash. Post. Co., 962 F.Supp.2d 79, 89-90

12

(D.D.C. 2013) ("[A] motion to strike is a disfavored, drastic remedy[.] Courts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery.); Ironforge.com v. Paychex, Inc., 747 F.Supp.2d 384, 404 (W.D. N.Y. 2010) (motions to strike class allegations are "disfavored" by courts because they "require[e] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification"); Ehrhart v. Synthes (USA), 2007 WL 4591276, at *5 (D.N.J. Dec. 28, 2007) ("Decisions from our sister courts (and courts in a number of other jurisdictions) have made clear that dismissal of class allegations at [the motion to dismiss] stage should be done rarely and that the better course is to deny such a motion because the 'shape and form of a class action evolves only through the process of discovery'") (citations omitted).

Having considered the parties' arguments and having already ruled that Plaintiff's Amended Complaint states plausible claims for recovery, the Court finds that the motion to strike class allegations is premature. Here, the issues are not plain enough from the pleadings to determine whether class certification is proper. The Amended Complaint alleges facts sufficient to claim a class action and it would be imprudent to decide the issue at

13

this stage in the proceedings. Defendants have not shown that taking the allegations in the Amended Complaint as true, the class as proposed could not satisfy the requirements of Rule 23. Because discovery has not yet occurred in this matter, there is no evidence upon which to evaluate whether Plaintiff and putative class members have a common method of proof or whether an individualized assessment of each class member is necessary. Accordingly, the Court denies the motion to strike class allegations.

### IV.  Conclusion

For the reasons stated herein, the Defendants' Motion to Strike Class Allegations [Dkt. No. 26] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: October 30, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE