IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| FRANCES G. POST, individually and on behalf of all others similarly situated,<br><br>**Plaintiff**,<br><br>v.<br><br>AMERISOURCEBERGEN CORPORATION, a Delaware Corporation, U.S. BIOSERVICES CORPORATION, a Delaware Corporation, Ig.G OF AMERICA, Inc., a Maryland Corporation, and IHS ACQUISITION XXX, Inc., a Delaware Corporation,<br><br>**Defendants**. | CIVIL ACTION NO.: 1:19-CV-73<br>(JUDGE KLEEH) |

**MEMORANDUM ORDER AND OPINION
GRANTING DEFENDANTS' MOTION [ECF NO. 77]**

On November 10, 2021, the Honorable District Judge Thomas S. Kleeh entered an Order, [ECF No. 92], referring Defendants' Motion to Compel Plaintiff to Respond to Defendants' First Set of Interrogatories and Requests for Production of Documents, [ECF No. 77], to the undersigned Magistrate Judge so he may, without limitation, conduct a hearing if necessary, and enter into the record a written order as to the disposition of the motion.

For the reasons articulated below, the Court now **ORDERS** that the Defendants' Motion to Compel, [ECF No. 77], be **GRANTED**.

**I. BACKGROUND PROCEDURAL HISTORY**

On April 14, 2021, Defendants filed their Motion to Compel Plaintiff to Respond to Defendant's First Set of Interrogatories and Requests for Production, seeking the compelled disclosure of a settlement agreement entered into by Plaintiff Frances G. Post, Felix Brizuela, D.O., Felix Brizuela, D.O., PLLC, and NORCAL Mutual Insurance Company in connection with Civil Action No. 19-C-36 in the Circuit Court of Monongalia County, West Virginia. [ECF No. 77].

1

Defendants argue the settlement agreement may contain information relevant to the issue of class certification as well as regarding Plaintiff's IVIG treatment by Dr. Brizuela. Defendants state Plaintiff has objected to disclosure on the basis that negotiated terms of plea agreement require written consent from parties before voluntary disclosure by any party or release by court order. Defendants, by Motion, request this Court enter an order compelling Plaintiff to produce settlement agreement.

On April 20, 2021, Plaintiff filed her Response to Defendant's Motion. [ECF No. 84]. In her Response, Plaintiff explains that the at-issue settlement agreement includes negotiated nondisclosure and confidentiality agreement, and it is Plaintiff understanding that, in order to disclose the settlement agreement, Plaintiff must obtain prior written consent from Felix Brizuela, D.O., Felix Brizuela, D.O., PLLC, and NORCAL Mutual Insurance Company. Plaintiff has requested consent but has not yet received response. Plaintiff requests the Court allow Dr. Brizuela and Norcal Mutual Insurance Company the opportunity to intervene and respond.

On April 27, 2021, Defendants filed their Reply to Plaintiff's Response. [ECF No. 86]. In their Reply, Defendants argued that good faith efforts have been made to contact Felix Brizuela and Norcal Mutual Insurance Company, and, to date, there has been no respond regarding their consent. Defendants again requested an order to compel regarding the settlement agreement.

The undersigned Magistrate Judge scheduled a status conference by videoconference for November 19, 2021, for the purpose of considering the status of and oral arguments from both parties regarding the Motion. Counsel William M. Tiano appeared on behalf of Plaintiff Frances G. Post ("Plaintiff"). Counsel Gretchen M. Callas, Jonathan L. Anderson, and Sarah A. Phipps appeared on behalf of the Defendants, Amerisourcebergen Corporation, US Bioservices Corporation, I.g.G. Of America, Inc, and IHS Acquisition XXX, Inc.

After the status conference, the Court entered an Order holding the Motion in abeyance and directing Plaintiff's counsel provide for the Court copies of the at-issue Settlement Agreement and underlying Complaint from Civil Action No. 19-C-36, in the state Circuit Court of Monongalia County, West Virginia in order for the undersigned to perform an *in camera* review. [ECF No. 6]. On the same day, Plaintiff's counsel provided the documents as ordered to the Court by email.

## I. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. *See* Herbert v. Lando, 441 U.S. 153, 99 S.Ct.1635, 60 L.Ed.2d 115 (1979); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.451 (1947). However, pursuant to Rule 26(c), a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or that causes undue burden or expense to the opposing party.

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. *See* Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922 (4th Cir. 1995). The question before the Court is whether Plaintiff can and should be compelled to produce a copy of her confidential settlement agreement with Felix Brizuela, D.O., Felix Brizuela, D.O., PLLC, and NORCAL Mutual Insurance Company, related to Civil Action No. 19-C-36 in the Circuit Court of Monongalia County, West Virginia.

In USAA Casualty Insurance Company v. Smith et al., this Court considered a similar motion to compel and, citing instructive case law from the District of South Carolina and the District Court for the Western District of North Carolina, ordered disclosure of a settlement

agreement and surrounding facts because the information in the agreement was likely relevant and the confidentiality of the agreement may be preserved by entry of a protective order. USAA Cas. Ins. Co. v. Smith, No. 1:10-cv-115, 2012 WL 967368, *6 (N.D.W. Va. March 21, 2012)(Kaull, J)(citing Polston v. Eli Lilly and Company, 2010 WL 2926159 at *1 (D.S.C. July 23, 2010) and Oakridge Associates, LLC v. Auto-Owners Ins. Co., 2010 WL 3788058 (W.D.N.C.)).

Here, the Court has had the benefit of *in camera* review of the at-issue settlement. Like in USAA, the information included within the settlement agreement may be relevant to case. Particularly, the information therein may be relevant to Plaintiff's eligibility to serve as class representation, her reservation of rights for standing to bring this claim, and possible offset monies for purposes of mediation and later calculation of damages. An Agreed-To Protective Order has already been entered by the parties which would function to preserve confidentiality of the Settlement Agreement when ordered disclosed and would serve to maintain and uphold the spirit of the negotiated non-disclosure and confidentiality provisions among the parties in the underlying case. Because information within the settlement agreement may be relevant to threshold issues in this case and because a previously entered Protective Order shall serve to preserve the confidentiality of the Settlement Agreement, the undersigned now concludes Defendants' Motion to Compel be **GRANTED**, and the Settlement Agreement shall be provided as requested.

### III. ORDER

For the abovementioned reasons, the Court now **ORDERS** that the Defendants' Motion to Compel, [ECF No. 77], be **GRANTED**.

In fairness to Felix Brizuela, D.O., Felix Brizuela, D.O., PLLC, and NORCAL Mutual Insurance Company, who are not part of this motion, the Court **ORDERS** Plaintiff's counsel to give notice to Felix Brizuela, D.O., Felix Brizuela, D.O., PLLC, and NORCAL Mutual Insurance Company, within **seven (7) days** of entry of this order, that the confidential, settlement agreement

in Civil Action No. 19-C-36 in the Circuit Court of Monongalia County, West Virginia, was ordered produced by Plaintiff Frances G. Post and will be provided to the Defendants in this matter by the Court, pursuant to this Order and subject to an agreed upon Protective Order.

It is **ORDERED** that the Settlement Agreement itself is subject to the Protective Order previously filed with this Court, [ECF No. 37], and shall not be distributed, transmitted, or otherwise divulged, except in accordance with the Protective Order and among the parties, counsel for the parties and their employees working on this matter, expert witnesses and consultants engaged by counsel for the purposes of litigation, and court personnel engaged in the performance of their official duties. Other responses that require divulgence of confidential information may also be subject to the Protective Order.

The Clerk of Court is **DIRECTED** to file the Settlement Agreement submitted concurrently with this Order **UNDER SEAL**, only to be accessed by those parties described above. A copy of the Settlement Order shall be provided to Defendants' counsel of record by email.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 23, 2021.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE