IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCES G. POST,

       Plaintiff,

   v.                                  CIVIL NO. 1:19-CV-73
                                            (KLEEH)

AMERISOURCEBERGEN CORPORATION,
US BIOSERVICES CORPORATION,
I.G.G. OF AMERICA, INC., and
IHS ACQUISITION XXX, INC.,

       Defendants.

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

    Pending before the Court is Defendants' motion for partial summary judgment as to Count Six of the Second Amended Complaint. For the reasons discussed herein, the Court **GRANTS** the motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

    On April 8, 2019, Plaintiff Frances G. Post ("Plaintiff") filed her original complaint in this case.[1] Plaintiff believes that she was wrongfully proscribed immunoglobulin ("IVIG") by Dr. Felix Brizuela ("Brizuela"). She alleges that the Defendants — Amerisourcebergen Corporation, U.S. Bioservices Corporation, I.g.g. of America, Inc., and IHS Acquisition XXX,

---

[1] In February 2019, two months prior to filing this action, Plaintiff filed an individual action against Brizuela in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 19-C-36.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
### PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

Inc. (together, "Defendants") — unlawfully made payments to Brizuela to induce him to misdiagnose her and other putative class members, which would and did result in Brizuela's referral of them to Defendants for IVIG therapy.  In the Second Amended Complaint, Plaintiff brings the following causes of action:

- Count One: Negligence;

- Count Two: Personal Injury;

- Count Three: Civil Conspiracy;

- Count Four: Fraudulent Concealment;

- Count Five: Unjust Enrichment/Disgorgement;

- Count Six: Breach of Confidentiality and Violation of Privacy; and

- Count Seven: Medical Negligence.

With respect to Count Six, Plaintiff alleges that Defendants are liable for breach of confidentiality and violation of privacy because the payments were made to Brizuela for access to Plaintiff's and class members' private medical information. Defendants have moved for summary judgment as to Count Six of the Second Amended Complaint, arguing that it is barred by the statute of limitation.

## II.  <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to

POST V. AMERISOURCEBERGEN ET AL.                        1:19-CV-73

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

### III. DISCUSSION

Defendants argue that Count Six of the Second Amended Complaint is barred by the applicable statute of limitation. For the reasons discussed herein, the Court agrees with Defendants. The Court also notes that it is concerned only with whether the statute of limitation has run with respect to Plaintiff, not with respect to the putative class members.

The Supreme Court of Appeals of West Virginia has set forth a five-step test to apply when determining whether a cause of action is barred by the statute of limitation:

First, the court should identify the

POST V. AMERISOURCEBERGEN ET AL.                    1:19-CV-73

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

> applicable statute of limitation for each
> cause of action.  Second, the court (or, if
> material questions of fact exist, the jury)
> should identify when the requisite elements of
> the cause of action occurred.  Third, the
> discovery rule should be applied to determine
> when the statute of limitation began to run by
> determining when the plaintiff knew, or by the
> exercise of reasonable diligence should have
> known, of the elements of a possible cause of
> action, as set forth in Syllabus Point 4 of
> Gaither v. City Hosp., Inc., supra.  Fourth,
> if the plaintiff is not entitled to the
> benefit of the discovery rule, then determine
> whether the defendant fraudulently concealed
> facts that prevented the plaintiff from
> discovering or pursuing the cause of action.
> Whenever a plaintiff is able to show that the
> defendant fraudulently concealed facts which
> prevented the plaintiff from discovering or
> pursuing the potential cause of action, the
> statute of limitation is tolled.  And fifth,
> the court or the jury should determine if the
> statute of limitation period was arrested by
> some other tolling doctrine.  Only the first
> step is purely a question of law; the
> resolution of steps two through five will
> generally involve questions of material fact
> that will need to be resolved by the trier of
> fact.

Dunn v. Rockwell, 689 S.E.2d 255, 265 (W. Va. 2009).  These factors
have been satisfied such that dismissal of Count Six is warranted.

**A.  The applicable statute of limitation for Count Six is one
year.**

The first step under the Dunn test requires the Court to
identify the applicable statute of limitation.  The parties agree
that Count Six is subject to a one-year statute of limitation
period.  The West Virginia Code provides,

4

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

> Every personal action for which no limitation
> is otherwise prescribed shall be brought: (a)
> Within two years next after the right to bring
> the same shall have accrued, if it be for
> damage to property; (b) within two years next
> after the right to bring the same shall have
> accrued if it be for damages for personal
> injuries; and <u>(c) within one year next after
> the right to bring the same shall have accrued
> if it be for any other matter of such nature
> that, in case a party die, it could not have
> been brought at common law by or against his
> personal representative.</u>

W. Va. Code § 55-2-12 (emphasis added).   Claims for breach of

confidentiality and invasion of privacy generally fall within the

latter clause and are governed by a one-year statute of limitation.

See <u>Slack v. Kanawha Cty. Hous. and Redevelopment Auth.</u>, 423 S.E.2d

547, 551 (W. Va. 1992).

**B.   The requisite elements of Count Six occurred between April 3,
2012, and March 19, 2015.**

The second step of the <u>Dunn</u> test is to identify when the

requisite elements of the cause of action occurred.   In this case,

Plaintiff asserts that improper payments were made by Defendants

to Brizuela in order to gain access to her personal health

information.   The Second Amended Complaint alleges that the

payments occurred between April 3, 2012, and March 19, 2015.   <u>See</u>

Second Am. Compl., ECF No. 71, at ¶ 1.   Therefore, Defendants argue

that the conduct forming the basis of Count Six could not have

occurred later than March 2015.

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

In response, Plaintiff argues that Defendants continue to maintain her data but have never issued a formal disclosure of the prohibited payments to Plaintiff or the putative class members and have never obtained consent to maintain or use their private data. As such, Plaintiff argues that Defendants' conduct constitutes a continuing privacy rights violation. Under West Virginia law, the statute of limitation does not begin to run on a continuing tort until the wrongdoing ceases. See Roberts v. W. Va. Am. Water Co., 655 S.E.2d 119, 124 (W. Va. 2007).

Defendants take issue with Plaintiff's continuing tort argument, citing Allen v. Smith, 368 S.E.2d 924 (W. Va. 1988), in support of their position. In Smith, the plaintiff filed an invasion of privacy claim after her psychiatrist released her personal records on July 14, 1982, to counsel for her spouse in a divorce proceeding. Id. at 925. The plaintiff filed her lawsuit on August 17, 1983. Id. The court affirmed dismissal of the action based upon the one-year statute of limitation because the claim accrued upon the disclosure itself. Id. at 928. The statute of limitation was not tolled under a continuing tort theory until the spouse's attorney destroyed or returned the records. Similarly, here, Plaintiff's claim accrued upon the disclosure itself. Plaintiff's continuing tort theory lacks merit, and the Court finds that the tortious activity asserted in Count Six

POST V. AMERISOURCEBERGEN ET AL.                                1:19-CV-73

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

occurred no later than March 2015.

**C.  Plaintiff knew or should have known of the elements of Count
Six during or before the summer of 2017.**

The third step of the _Dunn_ test relates to when a Plaintiff

knew, or by the exercise of reasonable diligence should have known,

of the elements of a possible cause of action.  During this step,

the Court assesses whether to toll the accrual of the claim under

what is known as the "discovery rule":

> In tort actions, unless there is a clear
> statutory prohibition to its application,
> under the discovery rule the statute of
> limitations begins to run when the plaintiff
> knows, or by the exercise of reasonable
> diligence, should know (1) that the plaintiff
> has been injured, (2) the identity of the
> entity who owed the plaintiff a duty to act
> with due care, and who may have engaged in
> conduct that breached that duty, and (3) that
> the conduct of that entity has a causal
> relation to the injury.

Syl. Pt. 4, _Gaither v. City Hosp., Inc.,_ 487 S.E.2d 901 (W. Va.

1997).  Whether a plaintiff knew or should have known of her cause

of action is an objective test:

> Under the discovery rule set forth in Syllabus
> Point 4 of _Gaither v. City Hosp., Inc.,_ 199 W.
> Va. 706, 487 S.E.2d 901 (1997), whether a
> plaintiff "knows of" or "discovered" a cause
> of action is an objective test.  The plaintiff
> is charged with knowledge of the factual,
> rather than the legal, basis for the action.
> This objective test focuses upon whether a
> reasonable prudent person would have known, or
> by the exercise of reasonable diligence should
> have known, of the elements of a possible

POST V. AMERISOURCEBERGEN ET AL.                              1:19-CV-73

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
### PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

cause of action.

Syl. Pt. 4, Dunn, 689 S.E.2d 255.   "The discovery rule is
applicable to a plaintiff's claim for the tort of invasion of
privacy."  Syl. Pt. 2, Slack, 423 S.E.2d 547.

Defendants argue that Plaintiff's testimony makes it clear
that she knew of the factual basis of her claim, including
Defendants' involvement, in the summer of 2017.  According to her
testimony in the state court proceeding, Plaintiff was expressly
told by an FBI agent in the summer of 2017 that Brizuela was
overprescribing IVIG and that he was receiving illegal monies from
the U.S. Bioservices.  See Exh. A to Motion, Post Dep. 7/30/19,
ECF No. 105-1, at 37:10-38:23; 77:13-78:2.

Plaintiff, on the other hand, argues that the statute of
limitation did not begin to run until March 20, 2019, when the
"Affidavit in Support of an Application for a Search Warrant" was
filed as a public document in United States v. Brizuela, 1:18cr01,
formerly pending in the United States District Court for the
Northern District of West Virginia.  Plaintiff argues that the
disclosure of the affidavit was the first time Plaintiff and all
putative class members could discover the essential elements of a
possible cause of action.  Plaintiff argues that her lawsuit was
timely because it was filed within 19 days of the public
disclosure.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
### PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

Plaintiff relies on Slack v. Kanawha County Housing and Redevelopment Authority, 423 S.E.2d 547 (W. Va. 1992), to argue that the statute of limitation was tolled until the public filing of the affidavit. In Slack, the plaintiff, an employee of a Housing and Redevelopment Authority, became suspicious that others were overhearing private conversations that took place in her office. Id. at 549. Over the next several months, she confided to several board members that she felt "the walls had ears" and asked to have her office swept for electronic listening devices. Id. Her requests were denied, and she ultimately resigned. Id. at 550.

In 1989, federal investigators discovered a listening device, still operational, concealed in the ceiling of her office. Id. The same year, Plaintiff's former co-worker testified in federal court that he placed the device there in late October 1985. Id. He also testified that he had recruited a janitor in the building to bring him the trash from plaintiff's office every evening. Id. The plaintiff filed a claim for invasion of privacy in September 1989. Id. The court held that the statute of limitation did not begin to run until 1989, when the plaintiff became aware of her co-worker's trial testimony. Id. at 554. Prior to that, while the plaintiff had suspicions, there was no evidence that she knew who had placed the device in her office. Id. at 553. Further,

POST V. AMERISOURCEBERGEN ET AL.                                    1:19-CV-73

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR**
**PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

the listening device was concealed in the ceiling, and while plaintiff did relay her suspicions to others, her request for a search was denied. <u>Id.</u>

In this case, Plaintiff attempts to argue that it was the public nature of the testimony in <u>Slack</u> that triggered the beginning of the statute of limitation period. The Court disagrees. Whether the matter was public or private had nothing to do with the Supreme Court's holding; the plaintiff in <u>Slack</u> did not have all the necessary information to bring her claim until she learned of her co-worker's trial testimony.

Here, in the summer of 2017, Plaintiff knew of the elements of a possible cause of action for Count Six. That summer, Plaintiff was told by a federal investigator that Brizuela was overprescribing IVIG and that he was receiving illegal monies from U.S. Bioservices. In July 2019, Plaintiff testified that she was explicitly told in the summer of 2017 of the payments between U.S. Bioservices and Brizuela. This conversation led her to retain counsel in February 2018. Subsequently, during Plaintiff's January 2023 deposition, she reiterated the 2017 date:

> Q. Can you tell us why you are suing these defendants in this class action?
>
> A. I'm suing the defendants because they paid Dr. Brizuela for private information and to increase the sales of the IVIG drug.

POST V. AMERISOURCEBERGEN ET AL.                    1:19-CV-73

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

> Q. Now, how did you become aware that these payments were illegal?
>
> A. I believe it was in the summer of 2017, say June or July, there was an FBI agent that came to my home and told me that Dr. Brizuela was under investigation for prescribing the IVIG drug and receiving payment from the US Bio company to do so.
>
> Q. That's why he was there that day at your house?
>
> A. Yes.  He asked me if I was — had been treated by Dr. Brizuela and I told him yes.
>
> Q. [I]s it your understanding based on your conversations with the FBI in this case that the defendants payments to Dr. Brizuela were illegal?
>
> A. Yes.

Exh. A to Reply, Post Dep. 1/18/23, ECF No. 140-1, at 74:25-75:21.

        Plaintiff further testified to the following during her state court deposition:

> Q. In the complaint that you filed in this case . . . you make an allegation that Dr. Brizuela was putting his own financial interest above yours?
>
> A. Uh-huh.
>
> Q. Why did you — why do you make that allegation?
>
> A. I say that because, when the FBI agent visited me, he said that he was overprescribing the IVIG, Oxycontin, and he was receiving illegal monies from the US Bio Services.  To me, that — I interpreted that as financial gain for him.

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

Exh. A to Motion, Post Dep. 7/30/19, ECF No, 105-1 at 77:13-23.
Based on Plaintiff's testimony during multiple depositions, it is
apparent that in the summer of 2017, she knew of the temporal
relationship between the payments and her treatment.  It is
irrelevant that this information was not yet known by the public
at large.  The Court finds that the statute of limitation began to
run in the summer of 2017.

    In opposition to Defendants' motion, Plaintiff points to an
affidavit from Plaintiff's counsel asserting the statements from
the FBI Agent were hearsay and, therefore, incapable of forming
the basis of a pleading compliant with Rule 11 of the Federal Rules
of Civil Procedure.  ECF No. 130.  Defendants argue that the Court
should disregard Plaintiff's substantive affidavit that was filled
out by counsel.  The affidavit itself is unique from a procedural
perspective. It does not identify any additional discovery that
may be needed to fully respond to Defendants' summary judgment as
provided for under Rule 56(d).  Instead, it offers counsel's legal
conclusions or opinions under both the Federal Rules of Evidence
and the Federal Rules of Civil Procedure.  "An affidavit or
declaration used to support or oppose a motion must be made on
personal knowledge, set out facts that would be admissible in
evidence, and show that the affiant or declarant is competent to
testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

Exhibit 11 fails to comply with any of these requirements and, therefore, cannot generate a genuine issue of material fact to defeat Defendants' motion.

Counsel's affidavit is not based on any personal knowledge. It avers no background or factual information in support of the legal conclusions asserted. The affidavit likewise offers no facts admissible in evidence at trial. The two substantive paragraphs of the affidavit offer nothing more than sweeping legal conclusions. "The party opposing a motion supported by evidence cannot discharge his burden by alleging mere legal conclusions; instead, he must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Hicks v. Brysch, 989 F. Supp. 797, 807 (W.D. Tex. 1997) (citations omitted). As it fails the threshold prerequisites of Rule 56, the affidavit offers Plaintiff no assistance in resisting Defendants' motion.

**D.   Because the Court has found that Plaintiff is entitled to the benefit of the discovery rule, it need not determine whether fraudulently-concealed facts prevented Plaintiff from discovering or pursuing Count Six.**

The fourth step of the Dunn test is to "determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action." Dunn, 689 S.E.2d at 265. This only applies if the plaintiff is not entitled to the benefit of the discovery rule. See id. The Court

POST V. AMERISOURCEBERGEN ET AL.                          1:19-CV-73

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]

has already found that Plaintiff knew or should have known of the elements of Count Six in the summer of 2017, giving her the benefit of the discovery rule after finding that the alleged acts took place no later than March 2015.  Therefore, the Court need not engage in the fourth step of the <u>Dunn</u> test.

**E.    The statute of limitation for Count Six is not tolled by any other doctrine.**

The fifth and final step of the <u>Dunn</u> test is to "determine if the statute of limitation period was arrested by some other tolling doctrine."  <u>Id.</u>  The parties agree that no other tolling doctrine applies with respect to Count Six.

After assessing all of the <u>Dunn</u> factors, the Court is satisfied that Count Six is barred by its one-year statute of limitation and must be dismissed.  There is no genuine issue of material fact to be assessed by a jury with respect to this question.  Plaintiff knew or should have known of the elements of Count Six in the summer of 2017, and she did not file this lawsuit until April 2019.

**IV.   <u>CONCLUSION</u>**

For the reasons discussed herein, the Court **GRANTS** Defendants' motion for partial summary judgment [ECF No. 105]. The Clerk is directed to enter judgment in favor of Defendants on Count Six.

POST V. AMERISOURCEBERGEN ET AL.                                    1:19-CV-73

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO COUNT SIX [ECF NO. 105]**

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum

Opinion and Order to counsel of record.

DATED: August 29, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA