IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCES G. POST,

        Plaintiff,

    v.                                                CIVIL NO. 1:19-CV-73
                                            (KLEEH)

AMERISOURCEBERGEN CORPORATION,
US BIOSERVICES CORPORATION,
I.G.G. OF AMERICA, INC., and
IHS ACQUISITION XXX, INC.,

        Defendants.


MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

     Pending before the Court is a motion for class certification [ECF No. 135]. For the reasons discussed herein, the Court **DENIES** the motion.

### I.   BACKGROUND AND PROCEDURAL HISTORY

     On April 8, 2019, Plaintiff Frances G. Post ("Plaintiff") filed her original complaint in this case. Plaintiff believes she was wrongfully proscribed immunoglobulin ("IVIG") by Dr. Felix Brizuela ("Brizuela"). She alleges that the Defendants — Amerisourcebergen Corporation, U.S. Bioservices Corporation, I.g.g. of America, Inc., and IHS Acquisition XXX, Inc. (together, "Defendants") — unlawfully made payments to Brizuela to induce him to misdiagnose her and other putative class members, which would and did result in Brizuela's referral of them

POST V. AMERISOURCEBERGEN ET AL.                        1:19-CV-73

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]**

to Defendants for IVIG therapy.  In the Second Amended Complaint,
Plaintiff brings the following causes of action:

- Count One: Negligence;

- Count Two: Personal Injury;

- Count Three: Civil Conspiracy;

- Count Four: Fraudulent Concealment;

- Count Five: Unjust Enrichment/Disgorgement;

- Count Six: Breach of Confidentiality and
  Violation of Privacy; and

- Count Seven: Medical Negligence.[1]

## II.  DISCUSSION

Plaintiff wants to be the class representative for all persons
who were prescribed IVIG by Brizuela between April 3, 2012, and
March 19, 2015, and were directed to Defendants for purchase of
IVIG.  She requests that class certification be granted for Counts
One, Three, Four, Five, and Six, along with punitive damages.
Plaintiff's counsel wish to serve as counsel for the certified
class.

Plaintiff will seek the return of every payment made from
every source from all Brizuela referrals where the referral was

---

[1] In February 2019, two months prior to filing this action,
Plaintiff filed an individual action against Brizuela in the
Circuit Court of Monongalia County, West Virginia, Civil Action
No. 19-C-36.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

initiated between April 3, 2012, and March 9, 2015; all medical bills associated with administration of IVIG; interest; harm to class members' interest in privacy resulting from the invasion; costs associated with future protection of privacy interests; compensatory relief for invasion of privacy by intrusion and other privacy rights violations; damages stemming from Defendants' negligence; and punitive damages.

Under Rule 23(a) of the Federal Rules of Civil Procedure,

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)  the class is so numerous that joinder of all members is impracticable;
>
> (2)  there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)  the representative parties will fairly and adequately protect the interests of the class.

The plaintiff carries the burden of showing compliance with Rule 23.  <u>EQT Prod'n Co. v. Adair</u>, 764 F.3d 347, 357 (4th Cir. 2014).  Rule 23(b)(3) provides that a class may be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]**

methods for fairly and efficiently adjudicating the controversy." These elements are referred to as the "predominance" and "superiority" requirements. In their response to Plaintiff's motion, Defendants challenge the elements of typicality and adequacy, and they argue that Rule 23(b)(3) is not satisfied. For the reasons that follow, the Court agrees with Defendants.

### A.  Plaintiff has failed to prove typicality under Rule 23(a)(3) and adequacy under 23(a)(4).

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." To satisfy the typicality requirement, "a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members." Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001) (citation omitted). A plaintiff must show "(1) that their interests are squarely aligned with the interests of the class members and (2) that their claims arise from the same events and are premised on the same legal theories as the claims of the class members." Baxley v. Jividen, 338 F.R.D. 80, 88 (S.D.W. Va. 2020) (Chambers, J.). "[T]he fact that the named plaintiffs have the same general complaint against the defendant does not render their claims typical." Waters v. Electrolux Home Prods., Inc., No. 5:13CV151, 2016 WL 3926431, at *5 (N.D.W. Va. July 18, 2016)

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

(Stamp, J.).

Related to typicality is the requirement that "the representative parties will fairly and adequately represent the class." See Fed. R. Civ. P. 23(a)(4). "This determination requires a two-pronged inquiry: (1) the named plaintiffs must not have interests antagonistic to those of the class; and (2) the plaintiffs' attorneys must be qualified, experienced and generally able to conduct the litigation." In re Serzone Prods. Liab. Litig., 231 F.R.D. 221, 238 (S.D.W. Va. Sept. 2, 2005). "The adequacy inquiry under Rule 23(a)(4) serves [in part] to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997) (citation omitted). For a conflict of interest to defeat the adequacy requirement, "that conflict must be fundamental." Gunnells v. Healthplan Servs., 348 F.3d 417, 430 (4th Cir. 2003) (citation and internal quotations omitted).

When a class representative's claim is subject to a unique defense, it is more likely that the class representative is atypical under Rule 23(a)(3) and inadequate under Rule 23(a)(4). See Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006) (finding presence of unique defense relevant to both the typicality and adequacy requirements); Harris v. Sand Canyon Corp., 274 F.R.D. 556, 568 (D.S.C. 2010) (finding plaintiffs "would inadequately

POST V. AMERISOURCEBERGEN ET AL.                    1:19-CV-73

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

fill the role of class representatives because their action involves a host of legal and factual issues unique to them that are likely to distract from their representation of the class and risk putting the claims of the other class members in jeopardy").

Here, with respect to typicality, Plaintiff argues that typicality is satisfied because she has suffered the same class of injuries as all other Brizuela referrals; she was referred to Defendants by Brizuela while he was receiving prohibited payments from Defendants; and Defendants immediately accessed Plaintiff's private health, financial, and insurance information on the day Brizuela faxed a referral form to them.

With respect to adequacy, Plaintiff argues that adequacy is satisfied because her counsel has information, knowledge, and experience with chronic inflammatory demyelinating polyneuropathy ("CIDP") (the medical diagnosis that applies to the class members), along with the IVIG prescription and infusion process; her counsel has experience litigating class actions, mass torts, medical records privacy, and other complex litigation; and Plaintiff has incentive to protect the interest of all class members because her claims and the class members' claims stem from the same bad conduct.

In response, Defendants argue that Plaintiff is atypical and inadequate because Plaintiff's claims are subject to a unique

POST V. AMERISOURCEBERGEN ET AL.                        1:19-CV-73

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

defense; Plaintiff has abandoned any claims and/or relief related to personal injury and related claims; and Plaintiff was a Medicare beneficiary, but a significant number of individuals in the proposed class were not. With respect to adequacy only, Defendants argue that Plaintiff's counsel submitted an affidavit to defeat Defendants' motion for partial summary judgment, so he has made himself a witness and cannot represent the class.

The Court finds Defendants' arguments persuasive. First, because the Court has already found that Plaintiff's invasion of privacy and breach of confidentiality claim (Count Six) is barred by the statute of limitation, Plaintiff is atypical and inadequate. See ECF No. 150. The statute of limitation issue is prejudicial to and "put[s] the claims of the other class members in jeopardy." See Harris, 274 F.R.D. at 568. Class members are bound by this result — Count Six is now extinguished for them. See In re MI Windows and Doors, Inc., Prods. Liab. Litig., 860 F.3d 218, 223 (4th Cir. 2017) (a judgment entered in a class action is binding on class members); Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006) ("The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'").

Second, Plaintiff is atypical and inadequate because she has abandoned any claims and/or relief related to personal injury and

POST V. AMERISOURCEBERGEN ET AL.                              1:19-CV-73

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

related damages.  The Second Amended Complaint alleges that she and putative class members suffered "physical and financial harm, injuries and damages" as a result of misdiagnosis and unnecessary IVIG treatment.  Despite these allegations, Plaintiff's motion for class certification does not seek certification for Count Two (personal injury) or Count Seven (medical negligence). Plaintiff's decision to abandon these grounds for relief presents a conflict of interest and renders her an inadequate class representative.  As Defendants point out, this conflict is even more apparent given that Plaintiff filed an individual lawsuit against Brizuela in state court, alleging in that case that she suffered physical and financial harm.  She entered into a settlement agreement in that case.  Thus, Plaintiff has already recovered for any alleged physical injury, and the putative class members would be deprived of the same opportunity.

Third, the Court finds that Plaintiff is atypical when it considers her unjust enrichment claim.  Plaintiff's unjust enrichment theory is that Plaintiff and class members are entitled to a refund of monies paid for IVIG treatment because they were "prohibited referrals."  This is a reference to the Stark Law, which applies only to Medicare beneficiaries.  While Plaintiff was a Medicare beneficiary, a significant number of putative class members were not.  For these reasons, typicality and adequacy are

POST V. AMERISOURCEBERGEN ET AL.                          1:19-CV-73

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

not satisfied, and Plaintiff's motion to certify the class fails.

> **B.    Plaintiff has failed to show that questions of law or fact common to class members predominate over any questions affecting only individual members.**

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual class members." While related, the commonality requirement of Rule 23(a)(3) and predominance requirement of Rule 23(b)(3) are separate inquiries. See Brown v. Nucor Corp., 785 F.3d 895, 918 n.22 (4th Cir. 2015) (citation omitted). As compared to commonality, "the predominance criterion is far more demanding." Amchem, 521 U.S. at 623-24 (citation omitted). "[T]he mere fact that the defendants engaged in uniform conduct is not, by itself, sufficient to satisfy Rule 23(b)(3)'s more demanding predominance requirement. The predominance inquiry focuses on only on the existence of common questions, but also on how those questions relate to the controversy at the heart of the litigation." Adair, 764 F.3d at 366 (citation omitted). Because the predominance requirement is more demanding than the commonality requirement, it has been recognized that commonality is "subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominance over other questions." Lienhart, 255 F.3d at 146 n.4 (citation omitted).

POST V. AMERISOURCEBERGEN ET AL.                          1:19-CV-73

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

"The predominance inquiry focuses on whether liability issues are subject to class-wide proof or require individualized and fact-intensive determinations." Kay Co., LLC v. EQT Prod'n Co., No. 1:13-CV-151, 2017 WL 10436074, at *10 (N.D.W. Va. Sept. 6, 2017) (Bailey, J.).   "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." Erica P. John Fund, Inc. v. Halliburton Co., 563 U.S. 804, 809 (2011).   Rule 23 requirements are "inextricably linked with the elements of a particular claim." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 655 (4th Cir. 2019).   "Where . . . the issue of liability turns on something peculiar to the individual plaintiffs, such as the plaintiffs' responses or states of mind, then common questions have been held not to predominate." Ruffin v. Entm't of the Eastern Panhandle, No. 3:11-cv-19, 2012 WL 5472165, at *10 (N.D.W. Va. Nov. 9, 2012) (Groh, J.).

Defendants point out that Plaintiff's motion to certify the class does not address the elements of each cause of action or whether those elements are capable of being established through common, class-wide proof.  For the reasons that follow, the Court finds that individual issues predominate for Plaintiff's negligence claim (Count One), fraudulent concealment claim (Count

POST V. AMERISOURCEBERGEN ET AL.                      1:19-CV-73

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

Four), and unjust enrichment claim (Count Five).[2]

> ### 1.   Individual issues predominate for Plaintiff's negligence claim (Count One).

"In a negligence suit, a plaintiff is required to show four basic elements: duty, breach, causation, and damages." Hersh v. E-T Enters., Ltd. P'Ship, 752 S.E.2d 336, 341 (W. Va. 2013) (superseded by statute on other grounds).   Negligence claims generally require damages from property loss or personal injury. See E. Steel Constructors, Inc. v. City of Salem, 549 S.E.2d 266, 271–72 (W. Va. 2001).   The Court agrees with Defendants that whether their alleged negligence caused class members to suffer bodily injury due to unnecessary medical treatment requires proof through individualized medical evidence.

Plaintiff's personal medical experience is specific to her. It is not common, class-wide proof to establish whether other individuals had CIDP or benefitted from IVIG.   For the same reason, courts have previously rejected class certification in cases involving the appropriateness of medical treatment.   See, e.g., Dobson v. Hartford Fin. Servs. Grp., Inc., 342 F. App'x 706, 709 (2d Cir. 2009) (factual basis for each claim "may be as

---

[2] Plaintiff did not move to certify a class for Counts Two or Seven; the Court has already dismissed Count Six; and, as Defendants point out, Count Three (Civil Conspiracy) is not a stand-alone cause of action.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

particularized as each individual's medical history" and "[s]uch
an inquiry is ill-suited for disposition via a class action because
there is insufficient commonality"); In re Yasmin and Yaz
(Drospirenon) Marketing, 275 F.R.D. 270, 276-77 (S.D. Ill. 2011)
(denying class certification where establishing causation would
require "an examination of each class member's medical history");
Lewallen v. Medtronic USA, Inc., No. C 01-20395 RMW, 2002 WL
31300899, at *4 (N.D. Cal. Aug. 28, 2002) ("What each doctor told
each patient, the risks assumed by each patient, and the
anticipated course of treatment for each patient are all highly
individualized inquiries.").

Due to the highly individualized inquiries at issue, the Court
agrees with Defendants that the negligence claim is inappropriate
for class treatment.

> **2.  Individual issues predominate for Plaintiff's fraudulent concealment claim (Count Four).**

Under West Virginia law,

> The essential elements in an action for fraud
> are: (1) that the act claimed to be fraudulent
> was the act of the defendant or induced by
> him; (2) that it was material and false; that
> plaintiff relied upon it and was justified
> under the circumstances in relying upon it;
> and (3) that he was damaged because he relied
> upon it.

Syl. Pt. 1, Lengyel v. Lint, 280 S.E.2d 66 (W. Va. 1981) (citation
and internal quotation marks omitted). "Fraudulent concealment

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

involves the concealment of facts by one with knowledge or the
means of knowledge, and a duty to disclose, coupled with an
intention to mislead or defraud." Trafalgar House Constr., Inc.
v. ZMM, Inc., 567 S.E.2d 294, 300 (W. Va. 2002) (citation omitted).
"It must be remembered that, at its core, fraudulent concealment
is a form of fraud." Michael v. Consolidation Coal Co., No.
1:14CV212, 2017 WL 1197828, at *13 (N.D.W. Va. Mar. 31, 2017)
(Keeley, J.).

    "Fraudulent concealment involves the concealment of facts by
one with knowledge or the means of knowledge, and a duty to
disclose, coupled with an intention to mislead or defraud."
Trafalgar House Constr., Inc. v. ZMM, Inc., 567 S.E.2d 294, 300
(W. Va. 2002) (citation omitted). Importantly, the reliance
element of fraud requires a plaintiff to prove that he actually,
subjectively relied upon the fraudulent act and then that such
reliance was justified and reasonable. See Syl. Pt. 1, Lengyel, 280
S.E.2d 66; JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.,
546 S.W.3d 648, 653 (Tex. 2018) (a plaintiff "must show that it
actually relied on the defendant's representation and, also, that
such reliance was justifiable").

    Because reliance is an individualized determination, it is
well recognized that claims for common law fraud are not amenable
to class certification. As the Fourth Circuit has stated,

POST V. AMERISOURCEBERGEN ET AL.                    1:19-CV-73

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

"individual inquiries into reliance typically preclude a finding that common issues of fact predominate." Gariety v. Grant Thornton, LLP, 368 F.3d 356, 370 (4th Cir. 2004).

Here, Plaintiff alleges in the Second Amended Complaint that she and class members "would not have purchased IVIG from Defendants" had the payments to Brizuela been disclosed, but she identifies no common evidence or method by which this can be proven on a class-wide basis. Whether a putative class member would have proceeded with IVIG if the payments to Brizuela had been disclosed is an inherently individualized inquiry. See Brown v. Regents of Univ. of Cal., 198 Cal. Rptr. 916, 920 (Cal. Ct. App. 1983) (denying class certification of fraud claim regarding decision to pursue medical treatment because "[w]hether a particular class member relied on the representation, for example, will require close scrutiny of what was said between a class member and his physician" and "[a] class member's particular medical condition and method of treatment must be examined in order to determine proximate cause"). Decisions involving medical treatment involve a number of factors, all of which are specific to the individual. These could include the patient's communications and interactions with Brizuela, the severity and duration of their physical symptoms, and their history of other treatments. For these reasons, the Court agrees with Defendants that the fraudulent

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

concealment claim is inappropriate for class treatment.

> **3.  Individual issues predominate for Plaintiff's unjust enrichment claim (Count Five).**

> **i.  Unjust enrichment depends upon the medical necessity of the IVIG for each putative class member.**

Under West Virginia, an unjust enrichment claim includes the following elements: "(1) a benefit conferred upon the defendant; (2) an appreciation or knowledge by the defendant of such a benefit; and (3) the defendant's acceptance of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." Span Constr. & Eng'g, Inc. v. Uwharrie Builders, LLC, No. 3:18-CV-178, 2019 WL 1574233, at *2 (N.D.W. Va. Jan. 30, 2019) (Groh, J.). Assuming unjust enrichment is a vehicle for a plaintiff to recover amounts paid for unnecessary medical treatment, courts recognize that adjudication of such claims is highly individualized and class treatment is not appropriate.  Simply put, whether the defendant was unjustly enriched by retaining the payment for the medical treatment is dependent upon whether each individual received a benefit from the treatment.  See, e.g., Brown v. Kerkhoff, 279 F.R.D. 479, 494 (S.D. Iowa 2012) ("[U]njust enrichment requires an individualized determination of how much each patient has been damaged, which in the present case is premised upon the medical

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

necessity and any associated benefits of the care given."); In re Baycol Prods. Litig., 265 F.R.D. 453, 457-58 (D. Minn. 2008) (denying class certification of unjust enrichment because whether any individual benefitted from Baycol would require consideration of each individual's particular medical history).  Just as with Plaintiff's negligence claim, there is no common method or evidence to adjudicate the unjust enrichment claim on a class-wide basis because it is dependent upon the necessity and appropriateness of each class member's diagnosis and treatment.

> ii. **There is no standing to recover amounts paid by Medicare on the grounds that there was a "prohibited referral" under the Stark Law.**

Plaintiff's motion suggests that her theory of unjust enrichment is no longer tied to the medical appropriateness of the CIDP diagnosis and necessity of IVIG treatment.  Instead, Plaintiff's theory is that, even if the IVIG treatment was medically necessary and appropriate, Defendants must refund money collected because the referrals from Brizuela were "prohibited referrals" and the amounts paid were, therefore, "overpayments." The Court agrees with Defendants that Plaintiff's theory of unjust enrichment is an impermissible invocation of the Stark Law, and even if it is not, Plaintiff has not shown that she can recover for the alleged prohibited referrals under any other theory.

Because the purpose of the Stark Law is to protect the

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

government, there is no private cause of action for violations of it, and private parties may only enforce it on behalf of the United States through the qui tam provisions of the False Claims Act ("FCA").  See United States ex rel. Drakeford v. Tuomey Healthcare Sys., Inc., 675 F.3d 394, 396 (4th Cir. 2012).  Specifically, if an entity has received payment from Medicare pursuant to a prohibited referral, this constitutes what is referred to as an "overpayment" that is required to be returned to Medicare.  See 42 U.S.C. § 1320a-7k(d)(1); 42 C.F.R. § 401.305(a).  If an overpayment is not returned, the statute and regulation provide that is to be enforced through the FCA.  See 42 U.S.C. § 1320a-7k(d)(3); 42 C.F.R. § 401.305(e) (same).  An FCA action can only be brought in the name of the United States.  See 31 U.S.C. § 3730(b)(1); United States ex rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr., 961 F.2d 46, 48 (4th Cir. 1992).

The problems with Plaintiff's theory are two-fold.  First, if a patient was not a Medicare beneficiary, the Stark Law does not apply.  Therefore, the Brizuela referral was not "prohibited" and did not result in an "overpayment."  Second, Plaintiff has no standing to recover amounts that were paid by Medicare and are recoverable by Medicare under the Stark Law.

In Defendants' motion to dismiss, they challenged Plaintiff's reliance upon violations of the Stark Law when there is clearly no

POST V. AMERISOURCEBERGEN ET AL.                    1:19-CV-73

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]**

private cause of action under that statute.  See ECF No. 15-2 at 3-5.  In her Response, Plaintiff claimed she was not relying upon the Stark Law, but was asserting claims for tortious conduct causing personal injuries and damages:

> The Stark Act and Anti-Kickback statute supply the government a method for taking action to redress the financial harm caused to it through illegal Medicare and Medicaid charges. Those statutes do not prohibit a person from asserting state-based claims caused by tortious conduct which cause personal injuries and damages.

ECF No. 19 at 11.  The Court relied upon these allegations and arguments of personal injuries and damages in denying the motion:

> Here, Plaintiff does not allege violations of the FCA or causes of action under the Stark Act or Anti-Kickback Law as grounds for recovery.  Rather, she brings a common law negligence claim and claim for personal injuries related to Defendants' conduct in providing wrongful . . . encouragement to Felix Brizuela, D.O. to diagnose CIDP and increase Defendants' new-book IVIG transactions . . . .

ECF No. 43 at 12-13.

Plaintiff's claims no longer appear to be based upon common law negligence for personal injuries.  Instead, the motion for class certification makes clear that the basis for Plaintiff's unjust enrichment claim is that there was a "prohibited referral" and an "overpayment," which is an improper attempt to enforce the Stark Law.

18

POST V. AMERISOURCEBERGEN ET AL.                              1:19-CV-73

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]

In Plaintiff's Reply, she argues that Defendants violated W.
Va. C.S.R. § 15-1-19.12, which was promulgated pursuant to the
Pharmacy Practice Act, W. Va. Code § 30-5-3.   That regulation
provides, "No pharmacist or pharmacy shall enter into or engage in
any agreement or arrangement with any practitioner which may tend
to exploit the patient, nor shall he or she enter into an agreement
of any kind where in any way a patient's free choice of pharmacist
or pharmacy is limited in any manner."   Plaintiff argues that under
section 55-7-9 of the West Virginia Code she may recover because
"[a]ny person injured by the violation of any statute may recover
from the offender such damages as he may sustain by reason of the
violation."   Plaintiff also asserts in her Reply that Defendants
were engaged in "marketing" under 45 C.F.R. § 164.508(a)(4).

First, even if the "marketing" provision of HIPAA were
applicable, it would still require individualized inquiries as to
each member of the class.   Further, the Court agrees with
Defendants that Plaintiff has no private cause of action for an
alleged violation of W. Va. C.S.R. § 15-1-19.12.   In determining
whether negligence may be asserted based upon violation of a
statute, the Court applies the following test:

> (1) the plaintiff must be a member of the class
> for whose benefit the statute was enacted; (2)
> consideration must be given to legislative
> intent, express or implied, to determine
> whether a private cause of action was

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]**

> intended; (3) an analysis must be made of
> whether a private cause of action is
> consistent with the underlying purposes of the
> legislative scheme; and (4) such private cause
> of action must not intrude into an area
> delegated exclusively to the federal
> government.

Syl. Pt. 1, <u>Hurley v. Allied Chem. Corp.</u>, 262 S.E.2d 757 (W. Va. 1980).  W. Va. C.S.R. § 15-1-19.12 is a Board of Pharmacy rule of professional conduct, and there is no indication that it was intended to create a private right of action.  The regulations state that a violation of the rules subjects a pharmacist to disciplinary action by the Board of Pharmacy.  <u>See</u> W. Va. C.S.R. § 15-1-19.14.2 (2011).  Further, the Medical Professional Liability Act provides the "exclusive remedy" for actions against health care providers.  <u>Manor Care, Inc. v. Douglas</u>, 763 S.E.2d 73, 87 (W. Va. 2014).

For all of these reasons, the Court agrees with Defendants that the unjust enrichment claim is inappropriate for class treatment.

### III. <u>CONCLUSION</u>

Plaintiff has failed to satisfy the requirements of Rules 23(a)(3), 23(a)(4), and 23(b)(3) of the Federal Rules of Civil Procedure.  For the reasons discussed above, the Court **DENIES** the motion for class certification [ECF No. 135].  The parties are **DIRECTED** to submit, on or before **September 15, 2023**, a joint

**POST V. AMERISOURCEBERGEN ET AL.**                              **1:19-CV-73**

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR CLASS CERTIFICATION [ECF NO. 135]**

proposed schedule to govern the case moving forward.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum

Opinion and Order to counsel of record.

DATED: August 29, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA